## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 0:17-cv-62262-KMM

BROOKE TAYLOR a/k/a BROOKE JOHNSON,
JESSE GOLDEN a/k/a JESSICA GOLDEN,
JESSA HINTON a/k/a JESSICA HINTON,
KIMBERLY COZZENS, LAURIE ANN
YOUNG, MASHA LUND, URSULA MAYES,
SANDRA VALENCIA, SARA UNDERWOOD,
TIFFANY TOTH a/k/a TIFFANY TOTH GRAY,
ARIANNY CELESTE LOPEZ, CIELO JEAN
GIBSON, DESSIE MITCHESON, and IRINA
VORONINA,

     Plaintiffs,

v.

TRAPEZE MANAGEMENT, LLC d/b/a
TRAPEZE FORT LAUDERDALE d/b/a
TRAPEZE and TRAPEZE OF GEORGIA, INC.
d/b/a TRAPEZE ATLANTA d/b/a TRAPEZE,

     Defendants.

_____/

## ORDER ON MOTION TO DISMISS

THIS CAUSE is before the Court on Defendants' Motion to Dismiss the Complaint.
(ECF No. 15). Plaintiffs filed a Response. (ECF No. 16). Defendants filed a Reply.  (ECF No.
17). The motion is now ripe for review. Defendants' Motion to Dismiss is GRANTED IN PART
AND DENIED IN PART as detailed below.

## I.    BACKGROUND

Defendants, Trapeze Management, LLC and Trapeze of Georgia, Inc., are swingers
clubs, marketing and catering to individuals engaging in "swinger" or open relationship lifestyle

events. Complaint ("Compl.") (ECF No. 1) at ¶¶ 31, 37.[1] Plaintiffs are Brooke Taylor, Jesse Golden, Jessa Hinton, Kimberly Cozzens, Laurie Ann Young, Masha Lund, Ursula Mayes, Sandra Valencia, Sara Underwood, Tiffany Toth, Arianny Celeste Lopez, Cielo Jean Gibson, Dessie Mitcheson, and Irina Veronina. Plaintiffs are professional models who earn a living by promoting their images and likenesses to select clients, commercial brands, and entertainment outlets, as well as relying on their reputations and brands for modeling. *Id.* at ¶¶ 11, 49, 50, 75, 88, 101, 115, 129, 142, 154, 168, 181.  Some of Plaintiffs' more notable credits include:

- Appearances in  national magazines such as FHM, Fitness Magazine, Guitar World, Maxim, Kandy Magazine, MMA Sports Magazine, Muscle & Fitness Magazine, New York Times Magazine, Newport Beach Magazine, and Yoga International. *Id.* at ¶¶ 62, 75, 88.

- Appearances in commercials and campaigns for major brands such as Abercrombie & Fitch, Bacardi Rum, Budweiser, Coors Light, Coca-Cola, Frederick's of Hollywood, Gap, Lucy Sport,  Nike, Speedo, and Victoria's Secret  among others. *Id.* at ¶¶ 62, 75.

- Appearances as spokesmodels for Affliction Clothing, Enzo Milano Hair Products, Milwaukee's Best Beer in conjunction with Playboy Enterprises, REVIV Wellness Spa, Palms Hotel & Casino, and Protein World.  *Id.* at ¶ 88.

Several Plaintiffs also have significant social media followings. *Id.* at ¶¶ 88, 168, 181. For example, Plaintiffs Hinton and Toth both have over one million followers on Instagram; Plaintiff Lopez has over three million; and Plaintiff Underwood has over eight million.

---

[1] The facts are taken from Plaintiffs' Complaint and accepted as true for purposes of this Motion to Dismiss. *Fernandez v. Tricam Indus., Inc.*, No. 09-22089-CIV, 2009 WL 10668267, at *1 (S.D. Fla. Oct. 21, 2009) ("On a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true.")

Plaintiffs' careers in modeling, acting, and/or private enterprise have value stemming from the goodwill and reputation that each has built, both of which are critical to establishing a brand, being selected for jobs and maximizing earnings. *Id.* at ¶ 50. Plaintiffs must be vigilant in protecting their "brand" from harm, taint, or other diminution. *Id.* at ¶ 52. Endorsing, promoting, advertising or marketing the "wrong" product, service or corporate venture, such as appearing in an advertisement for a swingers club or working in or being affiliated with a disreputable industry, can severely impact a model's career by limiting or foreclosing future modeling or brand endorsement opportunities. *Id.* at ¶¶ 56–57.

This action arises from the Defendants' unauthorized use of Plaintiffs' images, likenesses and/or identities to advertise and promote Defendants' business on websites and social media accounts. *Id.* at ¶ 1. Plaintiffs did not consent to Defendants removing their images and placing them on Defendants' flyers and promotional materials which implied that Plaintiffs were employees, entertainers, contractors, and/or nudists. *Id.* at ¶¶ 4–5, 58. As a result, Plaintiffs sustained injury to their images, brands, and marketability by affiliations with Defendants' swingers clubs and the types of activities associated with their clubs. *Id.* at ¶ 11. Plaintiffs argue Defendants gained an economic windfall by using Plaintiffs' images for Defendants' own commercial purposes, enticing patrons to visit Defendants' clubs without having to compensate the models for such usage. *Id.*

Plaintiffs sue Defendants on the following theories of liability: (1) violation of the Lanham Act for false advertising; (2) violation of the Lanham Act for false endorsement; (3) violation of section 540.08, Florida Statutes, for right to publicity and unauthorized misappropriation of name/likeness; (4) violation of the common law right to publicity and unauthorized misappropriation of name or likeness; (5) violation of section 501.204, Florida

Statutes, for violation of Florida's Deceptive and Unfair Trade Practices Act; (6) violation of sections 772.11 and 812.014, Florida Statutes, for civil theft; (7) conversion; and (8) unjust enrichment.

## II.   LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain sufficient facts, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A complaint must contain enough facts to plausibly allege the required elements. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007). A pleading that offers "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555). "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). When considering a motion to dismiss, the court takes the plaintiff's factual allegations as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell,* 516 F.3d 1282, 1284 (11th Cir. 2008).

## III.   DISCUSSION

Defendants seek dismissal of the action, arguing that the Complaint fails to state a cause of action because: (i) the Lanham Act is not the correct vehicle for Plaintiffs' claims, which should have been brought under the Copyright Act; (ii) Plaintiffs' state law supplemental claims are preempted by the Copyright Act and (iii) alternatively, that certain state law claims were not sufficiently plead. For the reasons stated below, the Court grants Defendants' motion in part and denies it in part.

**A. Plaintiffs' Lanham Act Claims are Appropriately Brought and Sufficiently Plead**

Defendants move to dismiss Counts I and II of the Complaint on the grounds that Plaintiffs pursued a false advertising and false endorsement claim under the Lanham Act, when instead they should have asserted their claims under the Copyright Act. Motion to Dismiss ("Mot.") (ECF No. 15) at 5. Plaintiffs contend their claims do not fall under the Copyright Act because one's persona is not copyrightable. Plaintiffs' Response ("Resp.") (ECF No. 16) at 5.

The Copyright Act does not apply to Plaintiffs' claims. Here, the content of the protected rights, the images and likenesses, does not fall within the subject matter of copyright. The Copyright Act applies to causes of action based on "works of authorship fixed in any tangible medium of expression" including "pictorial, graphic, and sculptural works." 17 U.S.C. § 102(a). A photograph, as a pictorial work of authorship, is subject matter protected by the Copyright Act. 17 U.S.C. § 101 (providing that "pictorial, graphic, and sculptural works include . . . photographs"). Here, it is not the publication of the photograph itself as a creative work of authorship that is the basis for Plaintiffs' claims, rather, Plaintiffs' claims are premised on the use of the Plaintiffs' likenesses pictured in the published photograph. Compl. at ¶¶ 5, 58, 319, 323–324.

Courts have held that a person's name or likeness is not a work of authorship within the meaning of section 102 of the Copyright Act and this is true notwithstanding the fact that Plaintiffs' names and likenesses are embodied in a copyrightable photograph. *See Toney v. L'Oreal USA, Inc.*, 406 F.3d 905, 910 (7th Cir. 2005) ("A person's likeness—her persona—is not authored and it is not fixed. The fact that an image of the person might be fixed in a copyrightable photograph does not change this."); *see also Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1003–04 (9th Cir. 2001) (quoting 1 Nimmer on Copyright § 1.01[B][1][c] at 1–23

(1999), which states that "the 'work' that is the subject matter of the right of publicity is the persona, i.e., the name and likeness of a celebrity or other individual. A persona can hardly be said to constitute a 'writing' of an 'author' within the meaning of the copyright clause of the Constitution"). *Brown v. Ames*, 201 F.3d 654, 658 (5th Cir. 2000) (holding that "the tort of misappropriation of name or likeness protects a person's persona. A persona does not fall within the subject matter of copyright—it does not consist of "a 'writing' of an 'author' within the meaning of the Copyright Clause."); *see also Timed Out, LLC, v. Youabian, Inc.*, 177 Cap. Rptr. 3d 773, 783-84 (Cal. Ct. App. 2014) ("To be sure, the photographs displayed on Defendants' Web site, as pictorial works of authorship, are protected by the Copyright Act [. . .] [h]owever, it is not the publication of the photographs themselves that is the basis for Plaintiff's claims. Rather, it is Defendants' use of the Models' likenesses pictured in the photographs to promote Defendants' business that constitutes the alleged misappropriation."); *KNB Enters. v. Matthews*, 78 Cal. App. 4th 362, 365 (2000) ("We conclude that because a human likeness is not copyrightable, even if captured in a copyrighted photograph, the models' [. . .] claims against the unauthorized publisher of their photographs are not the equivalent of a copyright infringement claim and are not preempted by federal copyright law."). Thus, the Copyright Act does not apply to Plaintiffs' claims.

Courts within the Eleventh Circuit have allowed for a trademark-like interest in one's name, likeness, and persona to be vindicated through the Lanham Act. *See e.g.*, *Gibson et al. v. BTS North, Inc.*, No. 16-24548, ECF No. 10, 29 (S.D. Fla Oct. 31, 2016) (denying defendants' motion to dismiss in its entirety thereby allowing plaintiffs' Lanham Act Claims based on the unauthorized use of the model's images to survive); *Edmonson v. Velvet Lifestyles, LLC*, No. 1:15-cv-24442-JAL, ECF No. 100 (S.D. Fla. Sept. 8, 2016); *Gibson v. White's Place, LLC*, No.

3:16-CV-392-J-32JBT, 2017 WL 4169690 (M.D. Fla. Sept. 20, 2017) (denying defendants' motion to dismiss Lanham Act and state law claims based on model's image and likeness); *Gibson v. Resort at Paradise Lakes, LLC*, No. 8:16-CV-791-T-36AAS, 2017 WL 3421532, at *1 (M.D. Fla. Aug. 9, 2017) (denying motion to dismiss Lanham Act claims based on use of model's image and likeness); *Edmondson v. 2001Live, Inc.*, No. 16-03243, ECF No. 20 (M.D. Fla. July 25, 2017) (allowing Lanham Act claims to withstand dismissal based on models' allegations of unauthorized use of image and likeness); *Lancaster v. The Bottle Club, LLC*, No. 8:17-CV-634-T-33JSS, 2017 WL 3008434, at *1 (M.D. Fla. July 14, 2017); *Edmondson v. Caliente Resorts, LLC*, No. 8:15-CV-2672-T-23TBM, 2016 WL 1756070, at *1 (M.D. Fla. May 3, 2016); *Krupa v. Platinum Plus, LLC*, No. 8:16-CV-3189-T-33MAP, 2017 WL 1050222, at *1 (M.D. Fla. Mar. 20, 2017).[2]

Similarly, courts in other circuits allow claims to "be brought under [the Lanham Act] relating to the use of a public figure's persona, likeness, or other uniquely distinguishing characteristic." *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1239 (9th Cir. 2013); *see also Marshall v. ESPN*, 668 F. App'x 155, 157 (6th Cir. 2016) (noting that Plaintiffs brought claim under the Lanham Act, whose relevant provision bars the unauthorized use of a person's name or likeness in commerce when doing so is "likely to cause confusion" as to whether the person endorses a product); *see also Doe v. Friendfinder Network, Inc.*, 540 F. Supp. 2d 288, 306 (D.N.H. 2008) (denying motion to dismiss and finding that a defendant's unauthorized use of a plaintiff's identity for marketing purposes "falls directly" within the language of a Lanham Act provision); *see also Timed Out, LLC, v. Youabian, Inc.*, 177 Cap. Rptr. 3d 773, 783-84 (Cal. Ct. App. 2014)

---

[2] These courts have handled similar cases involving many of the same plaintiffs, defendants, lawyers, and claims. Although not factually identical, the claims and arguments in those cases are very similar to those here and provide helpful and persuasive reasoning for this Court.

("To be sure, the photographs displayed on Defendants' Web site, as pictorial works of authorship, are protected by the Copyright Act [. . .] [h]owever, it is not the publication of the photographs themselves that is the basis for Plaintiff's claims. Rather, it is Defendants' use of the Models' likenesses pictured in the photographs to promote Defendants' business that constitutes the alleged misappropriation.").

Because Plaintiffs' claims are properly brought under the Lanham Act and Defendants do not argue against the sufficiency of the facts alleged, the Lanham Act claims are not dismissed.

### B. Plaintiffs' State Law Claims

Defendants make several arguments regarding Plaintiffs' state law claims. First, Defendants argue that Plaintiffs' state law claims are all preempted by the Copyright Act. Additionally, Defendants argue (i) that Plaintiffs' are not consumers under the Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") (ii) that the written demand for damages under the civil theft statute was deficient and also, the claim is substantively defective because misappropriation of the Plaintiffs' images is not a crime, but is, at most, a civil wrong; (iii) that Plaintiffs do not properly allege a state law conversion claim because Defendant did not deprive Plaintiffs of any of their property; and (iv) that there is no cause of action for unjust enrichment as the Plaintiffs did not "bestow any benefit" on the Defendants. Defendants make no arguments as to the sufficiency of the allegations regarding the statutory or the common law right of publicity claims.

### i.        Plaintiffs' State Law Claims are Not Preempted by the Copyright Act[3]

Defendants contend Plaintiffs' state law claims are all preempted by the Copyright Act because the photographs in question are original works reduced to a tangible medium. Mot. at 10. Plaintiffs argue the state law claims are not preempted.

The Copyright Act preempts certain state laws "that are equivalent to any of the exclusive rights within the general scope of copyright." 17 U.S.C. § 301 (1998); *Crow v. Wainwright,* 720 F.2d 1224, 1225–26 (11th Cir.1983). For a state law to be preempted, two conditions must be satisfied (i) the content of the protected right must fall within the subject matter of the copyright as described in sections 102 and 103 of the Copyright Act, and (ii) the right asserted under state law must be equivalent to the exclusive rights contained in section 106 of the Copyright Act. *Crow,* 720 F.2d at 1225–26.

If the state law rights at issue fall within the subject matter of copyright as described in sections 102 and 103 of the Copyright Act, then this court employs an "extra element" test such that "if an extra element is required instead of or in addition to the acts of reproduction, performance, distribution or display, in order to constitute a state-created [cause] of action, then the right does not lie within the general scope of copyright and there is no preemption." *See Utopia Provider Sys., Inc. v. Pro-Med Clinical Sys., LLC*, 596 F.3d 1313, 1326 (11th Cir. 2010). The "extra element test," however, is somewhat misleading because this analysis is not a rote comparison of the elements of a copyright claim against the state law claim asserted. The extra element of the state law claim must change the nature of the claim, so that it is "*qualitatively* different from a copyright infringement claim." *Jaggon v. Rebel Rock Entm't, Inc.*,

---

[3] As discussed below, Plaintiffs' FDUTPA claim is dismissed on other grounds. Therefore, it is unnecessary for this Court to address whether those claims are preempted by the Copyright Act.

No. 09-61144-CIV, 2010 WL 3468101, at *2 (S.D. Fla. Sept. 1, 2010) (quoting *Foley v. Luster,* 249 F.3d 1281, 1285 (11th Cir.2001) (citation omitted)).

For the reasons set forth above, the Court has found that the Copyright Act does not apply to Plaintiffs' claims because Plaintiffs' persona is not a tangible work under the Copyright Act.[4] Thus, Plaintiffs' state law claims based on the unauthorized use of their image, likeness and/or identity do not fall within the subject matter of the Copyright Act and therefore, are not preempted. Compl. at ¶¶ 319, 323-324.[5]

---

[4] Defendants acknowledge Plaintiffs' claims are all based on "the unlawful use of their amorphous 'persona' – an idea which has no shape, fixed location, or physical existence." Reply at 6. But Defendants relied on the Seventh Circuit's holding in *Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n,* for the proposition, "[b]ecause a performance is fixed in tangible form when it is recorded, a right of publicity in a performance that has been reduced to tangible form is subject to preemption." 805 F.2d 633, n. 26 (7th Cir. 1986). In *Toney v. L'Oreal USA, Inc.*, the Seventh Circuit explained, *Baltimore Orioles* "does not stand for the proposition that the right of publicity as protected by state law is preempted in all instances by federal copyright law, it does not sweep that broadly," noting that "[a] player's right of publicity in his name or likeness would not be preempted if a company, without the consent of the player, used the player's name to advertise its product." 406 F.3d 905, 910-11 (7th Cir. 2005). And here, the basis of Plaintiffs' claims is just that, that Defendants used Plaintiffs' likeness without the consent of Plaintiffs to advertise Defendants'clubs.

[5] Numerous courts have held that the Copyright Act does not preempt many of the state law claims which Defendants are arguing should be preempted. *See e.g.*, *Miller v. Anheuser Busch, Inc.*, 348 Fed. App'x. 547 (11th Cir. 2009) (Eleventh Circuit partially reversed summary judgment since model had a claim pursuant to section 540.08 for the unauthorized use of her likeness to advertise defendant's business after expiration of the release); *Dunlap v. G&L Holding Group, Inc.*, 381 F.3d 1285, 1295 (11th Cir. 2004) (finding that a conversion claim was not completely preempted because the basis of the claim was not a copyrightable idea); *Donald Frederick Evans & Assocs., Inc. v. Cont'l Homes, Inc.*, 785 F.2d 897, 914 (11th Cir. 1986) ("We agree that in order for Evans to prevail on its unfair competition claim […] it must prove elements other than those mandated in an action under the Copyright Act."); *Jaggon*, 2010 WL 3468101, at *3 (S.D. Fla. Sept. 1, 2010) (finding that an unjust enrichment claim has an extra element rendering it "qualitatively different from a copyright infringement claim"); *see Timed Out, LLC, v. Youabian, Inc.*, 177 Cap. Rptr. 3d 773, 783–84 (Cal. Ct. App. 2014) ("Plaintiffs' state law misappropriation of likeness claims are not preempted by federal copyright law.").

### ii. Plaintiffs' Right of Publicity and Unauthorized Misappropriation of Name/Likeness Claim is Sufficiently Plead

Defendants only argued that the rights of publicity claims were preempted by the Copyright Act and do not raise a specific argument regarding the sufficiency of the facts alleged for the right of publicity claim. Plaintiffs allege Defendants violated their right of publicity by publishing Plaintiffs' images, likenesses and/or identities on websites and/or social media outlets, among others, in order to promote, advertise and market Trapeze and its events and activities. Compl. at ¶ 285.

Under Section 540.08 of the Florida Statutes, "[n]o person shall publish, print, display or otherwise publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of any natural person without the express written or oral consent." Fla. Stat. § 540.08 (2007); *Almeida v. Amazon.com, Inc.*, 456 F.3d 1316, 1325 (11th Cir. 2006) ("The Florida legislature enacted section 540.08 in order to expand the remedies available under the common law right against misappropriation."); *Nat' Football League v. Alley, Inc.*, 624 F. Supp. 6, 10 (S.D. Fla. 1983) ("Section 540.08 of the Florida Statutes prohibits unconsented use of an individual's name and likeness only when such directly promotes a commercial product or service."); *Tyne v. Time Warner Entm't Co., L.P.*, 901 So. 2d 802, 807 (Fla. 2005) ("Under Fla. Stat. § 540.08, the terms 'trade,' 'commercial,' or 'advertising purpose' mean using a person's name or likeness to directly promote a product or service.").

Plaintiffs allege that Defendants have done exactly that, used Plaintiffs' images and likenesses for a commercial or advertising purpose without their consent. Comp. at ¶ 4–5, 58. Plaintiffs have stated a claim for violation of their right of publicity.

### iii. Plaintiffs' Common Law Right of Publicity and Unauthorized Misappropriation of Name/Likeness Claim is Sufficiently Plead

Plaintiffs allege Defendants published their likenesses to promote Trapeze's events and activities and that the publication harmed them by associating Plaintiffs with the strip club lifestyle and activities at Trapeze and the negative connotation thereof.

The common law protection against misappropriation of likeness is substantially the same as the statutory right of publicity under section 540.08 of the Florida Statutes. *Almeida v. Amazon, com, Inc.*, 456 F.3d 1316, 1320 n. 1 (11th Cir. 2006) (recognizing that the statute permits a party to proceed under available common law invasion of privacy theories). The first element of common law invasion of privacy, the commercial misappropriation of likeness, coincides with the elements of unauthorized publication of name or likeness in violation of section 540.08 of the Florida Statutes. *Lane v. MRA Holdings, LLC*, 242 F. Supp. 2d 1205, 1220–21 (M.D. Fla. 2002) (citing *Heath v. Playboy Enters., Inc.,* Supp. 1145, 1147–48 (S.D. Fla. 1990). As discussed above, Section 540.08 of the Florida Statutes "is designed to prevent the unauthorized use of a name [or likeness] to directly promote the product or service of the publisher." *Bluestar Entm't Int'l, Inc. v. Cooper*, No. 07-23245-CIV, 2008 WL 11333068, at *4 (S.D. Fla. July 18, 2008); *Burciaga v. Gold Club Tampa, Inc.,* No. 8:16-CV-790-T-27JSS, 2016 WL 9526567, at *4 (M.D. Fla. Dec. 28, 2016) ("Section 540.08 of the Florida Statutes prohibits the unauthorized use of a person's name or likeness for 'trade, commercial, or advertising purposes.")

Here, Defendants do not argue against the sufficiency of the facts alleged for the common law right of publicity and misappropriation of likeness claim. Plaintiffs' common law right of publicity and misappropriation of likeness claim is sufficiently pleaded.

### iv.  Plaintiffs' Florida Deceptive and Unfair Trade Practices ("FDUTPA") Claim is Dismissed

Defendants contend that Plaintiffs' FDUTPA claims fail because a "person" under FDUTPA means only a "consumer" injured by an unfair or deceptive act when buying or purchasing goods and services.  Fla. Stat. § 501.204(1). Plaintiffs argue that Defendants' reading is not in line with relevant precedent from Florida courts.

FDUTPA authorizes a private cause of action for actual damages by any "person" who has suffered a loss as a result of a violation of the statute. Fla. Stat. § 501.211(2). District courts in this circuit are divided over whether a 2001 amendment extended FDUTPA to non-consumers,[6] and the Eleventh Circuit has yet to resolve this issue. *See Democratic Republic of the Congo v. Air Capital Grp.*, LLC, 614 F. App'x 460, 468 (11th Cir. June 11, 2015) (acknowledging the "interpretive tussle" but declining to resolve it).

Construing the statute narrowly, "person" under the FDUTPA applies only to a consumer injured by an unfair or deceptive act when buying or purchasing goods and services. *Taft v. The Dade Cty. Bar Ass'n, Inc.*, No. 1:15-CV-22072-KMM, 2015 WL 5771811, at *4 (S.D. Fla. Oct. 2, 2015); *Leon v. Tapas & Tintos, Inc.*, 51 F. Supp. 3d 1290, 1296 (S.D. Fla. 2014) ("The Court looks to the legislative history and recent district court decisions to find that the term "person," while broadening the scope of FDUTPA, still applies only to consumers."). Accordingly, Plaintiffs do not have standing to allege a cause of action under FDUTPA as consumers because Plaintiffs do not allege that they were consumers in this case.[7]

---

[6] This split arose after a 2001 amendment to section 501.211(2) where the Florida Legislature amended the FDUTPA's standing provision by replacing the word "consumer" with "person." *Leon v. Tapas & Tintos, Inc.*, 51 F. Supp. 3d 1290, 1296 (S.D. Fla. 2014).

[7] FDUTPA also confers standing for an action seeking declaratory or injunctive relief for "anyone aggrieved by a violation" of FDUTPA, "without regard any other remedy or relief." Fla. Stat. § 501.204 (1), (2); *Niles Audio Corp. v. OEM Sys. Co.*, 174 F. Supp. 2d 1315, 1320 (S.D.

### v.   Plaintiffs' Civil Theft Claim is Sufficiently Plead

Plaintiffs allege civil theft claims based on Defendants' unauthorized use of their personas. Defendants raise two arguments in connection with the civil theft claim.

First, Defendants contend that Plaintiffs failed to comply with the notice requirement in section 772.11. Section 772.11 requires that "[b]efore filing an action for damages . . ., the person claiming injury must make a written demand for $200 or the treble amount of the person liable for damages under this section." The person upon whom such a demand is made has thirty days to comply. Fla. Stat. § 772.11(1). Defendants argue that "[t]he joint demand does not specify whether Ms. Gibson would settle her claim independently of Ms. Mitcheson or whether either would accept the stated sum if Ms. Cozzens was not compensated." Mot. at 15–16.

Attached to the Complaint is the Demand Letter sent to Defendants on August 9, 2017. Compl. Ex. O. In the Demand Letter, Plaintiffs include a section labeled "Notice of Claim for Civil Theft," wherein Plaintiffs state:

> "In addition, you have violated Florida's **Civil Theft Statute §772.11** ("Section 772.11"). Under Section 772.11, any person who proves by clear and convincing evidence that he or she has been injured in any fashion by reason of any violation of Florida Statutes 812.012 – 812.037 or 825.103(1) (civil theft) is punishable by **treble damages** (threefold the actual damages), attorneys' fees, and court costs."

*Id.* (bolding in original). In the Demand Letter Plaintiffs sought a joint figure and also specified each Plaintiff's individual damages. Compl. Ex. O at 13. Based on the plain language of the

---

Fla. 2001) ("Section 501.211(1), in which "anyone aggrieved" may bring an action for declaratory relief"); *Resort at Paradise Lakes,* 2017 WL 3421532, at *6 ("[B]ecause declaratory and/or injunctive relief has not specifically been requested in the Amended Complaint, Plaintiffs' FDUTPA claim is due to be dismissed."). Plaintiffs' Complaint does not specifically request and/or seek declaratory or injunctive relief in Count V. Compl. at ¶ 402. In addition, the Complaint does not specifically seek declaratory and/or injunctive relief in the prayer for relief. Compl. at 232.  Because declaratory and/or injunctive relief has not specifically been requested in the Complaint, Plaintiffs' FDUTPA claim is dismissed.

Notice of Claim for Civil Theft, the Court finds that dismissal of the claim is not warranted. *See Krupa*, 2017 WL 1050222, at *8.

Second, Defendants seem to argue that Plaintiffs' claims for civil theft should be dismissed because Plaintiffs failed to plead felonious intent. Mot. at 16–17.[8] Plaintiffs argue criminal intent is clearly established and regardless, Florida law does not require plaintiffs to plead specific language of felonious intent when asserting a civil theft claim. Resp. at 16.

A claim for civil theft is "essentially a conversion in which the defendant acted with criminal intent." *Primerica Life Ins. Co. v. Guerra*, 2016 WL 10591985, at *2 (S.D. Fla. Dec. 29, 2016).[9] Florida law requires that a plaintiff prove that a defendant "(1) knowingly (2) obtained or used, or endeavored to obtain or use, [plaintiff]'s property with (3) 'felonious intent' (4) either temporarily or permanently to (a) deprive [plaintiff] of its right to or a benefit from the property or (b) appropriate the property to [defendant]'s own use or to the use of any person not entitled to the property." *United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir.2009).

Plaintiffs allege Defendants "knowingly" appropriated, used and disseminated Plaintiffs' images, likenesses and/or identities without authorization or consent and that Defendants' conduct was "willful and malicious" and done "with intent to deprive" Plaintiffs of a property interest, and "further acted with actual or constructive knowledge of the high probability that injury or damage would result." Compl. at ¶¶ 319, 323–324, 659–663. Defendants do not dispute that Plaintiffs' allegations satisfy the elements but for the felonious intent requirement.

While necessary to plead felonious intent, these exact words need not be used. *See Lajos v. duPont Pub., Inc.*, 888 F. Supp. 143, 146 (M.D. Fla. 1995) ("While there is no dispute that the

---

[8] Defendants' argument regarding civil theft is vague. From a strained reading, the Court assumes that Defendants assert that Plaintiffs failed to properly plead felonious intent. Mot. at 16–17.

[9] As discussed below, Plaintiffs have sufficiently alleged a claim for conversion.

words 'criminal' or 'felonious intent' are not included in the Complaint, there is disagreement as to whether criminal or felonious intent is demonstrated by Plaintiff's allegations of fact. The failure to include the specific language is not itself sufficient cause for dismissal."); *Burciaga*, 2016 WL 9526567, at *6 ("But the words 'felonious intent' are not required to state a claim for civil theft."); *Krupa*, 2017 WL 1050222, at *8 ("While Plaintiffs will have to prove the elements of civil theft by the requisite degree of proof to ultimately prevail, at this preliminary stage, Florida law does not require them to plead felonious intent"); *see also Gordon v. Omni Equities, Inc.*, 605 So. 2d 538, 541 (Fla. Dist. Ct. App. 1992) ("the complaint in the instant case alleges that the appellees made willful false representations with the intent to deprive the appellants of their property, that appellees had no legal right to the property, and that these actions were done in violation of chapter 812, Florida Statutes. We hold that this language sufficiently alleges felonious intent.") Thus, the Complaint sufficiently alleges felonious intent despite not using those exact words and this claim shall not be dismissed.

### vi.   Plaintiffs' Conversion Claim is Sufficiently Plead

Defendants argue that Plaintiffs' conversion claim, based on the unlawful use of their amorphous persona, must fail because conversion typically involves physical possession of tangible personal property and Plaintiffs fail to allege that they were deprived of their property. Plaintiffs allege that Defendants converted Plaintiffs' images and likenesses for their own use with the intent to deprive Plaintiffs of the choice to determine where their images can appear and who can use them for what purpose.

Conversion consists of an act in derogation of an individual's possessory rights, and any wrongful exercise or assumption of authority over another's property, depriving him of the possession, permanently or for an indefinite time, is a conversion. *Palm Beach Golf Ctr. Boca,*

*Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1258 (11th Cir. 2015). While courts traditionally refused to recognize the unauthorized taking of intangible interests that are not merged with, or reflected in, something tangible, the trend is shifting towards allowing conversion claims for intangible interests. *See Davis v. Elec. Arts Inc.*, No. 10-03328 RS, 2012 WL 3860819, at *9 (N.D. Cal. Mar. 29, 2012), *aff'd*, 775 F.3d 1172 (9th Cir. 2015) ("California courts no longer apply the merger requirement, and have instead indicated a willingness to entertain conversion and trespass to chattels claims, even where the alleged interference is to an intangible interest."); *In re Corbin's Estate*, 391 So. 2d 731, 732 n. 1 (Fla. 3d DCA 1980) ("Over the years, courts additionally recognized as actionable abridgments of intangible rights, at least insofar as they might be identified with (or merged in) a document or other tangible chattel.").

Plaintiffs allege a property interest in their identity. Compl. at ¶ 329, 414, 1259, 1429. Courts have held that an individual has a property right in his or her persona and likeness and the ability "to control the commercial use of his or her identity." *Miller v. Glenn Miller Prods.*, Inc., 454 F.3d 975, 988 (9th Cir. 2006); *see also ETW Corp. v. Jireh Publ'g, Inc.*, 332 F.3d 915, 928 (6th Cir.2003) (stating that "[t]he right of publicity is an intellectual property right of recent origin which has been defined as the inherent right of every human being to control the commercial use of his or her identity"); *Matthews v. Wozencraft*, 15 F.3d 432, 438 (5th Cir. 1994) ("If a well-known public figure's picture could be used freely to endorse commercial products, the value of his likeness would disappear. Creating artificial scarcity preserves the value to him, to advertisers who contract for the use of his likeness, and in the end, to consumers, who receive information from the knowledge that he is being paid to endorse the product."). Additionally, Section 812.012 of the civil theft statute defines "property" as "anything of value,"

including "[t]angible or intangible personal property, including rights, privileges, interests, and claims." Fla. Stat. § 812.012 (2002).[10]

While Defendants did not fully deprive Plaintiffs' of the use of their images, total deprivation of another's property is not required. *Burciaga*, 2016 WL 9526567, at *7; *Warshall v. Price*, 629 So. 2d 903, 904 (Fla. 4th DCA 1993) ("It is not necessary for a person to deprive another of exclusive possession of their property in order to be liable for conversion."). Accordingly, Defendants' unauthorized use of Plaintiffs' images and likenesses is sufficient to state a claim for conversion at this stage in the proceedings.

### vii.   Plaintiffs' Unjust Enrichment Claim is Sufficiently Plead

Defendants argue Plaintiffs failed to state a cause of action for unjust enrichment because Plaintiffs failed to allege that they conferred a benefit on the Defendant and that Defendant was aware of the benefit, and that Defendant voluntarily accepted and retained the benefit. Mot. at 20. Plaintiffs argue Defendants retained profits and other benefits conferred upon them by using Plaintiffs' likenesses to promote and advertise Defendants' businesses and events. Resp. at 20.

Unjust enrichment is "an equitable claim . . . which implies a contract as a matter of law even though the parties to such an implied contract never indicated by deed or word that an agreement existed between them." *BTS N., Inc.*, 2018 WL 888872, at *9. "A claim for unjust enrichment has three elements: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof." *Id.* (citing *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012)).

---

[10] Because a claim for civil theft is "essentially a conversion in which the defendant acted with criminal intent," *see Primerica Life Ins. Co. v. Guerra*, No. 16-CV-22330-KMM, 2016 WL 10591985, at *2 (S.D. Fla. Dec. 29, 2016), the Court applies this definition of property for its analysis on the issue of conversion.

The basis of Plaintiffs unjust enrichment claim is just that. Plaintiffs allege "[d]efendants have retained profits and other benefits conferred upon them by using [Plaintiffs'] images, likenesses and/or identities [without consent] to promote and advertise Defendants' businesses, Trapeze or Trapeze's events." Compl. at ¶¶ 308, 337.  The Defendants' motion to dismiss the unjust enrichment claim is denied.

### C.  Plaintiffs Must Amend the Complaint Pursuant to Rule 8(a)

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In violation of this rule, the 233-page complaint repeats the same eight counts for each of the fourteen Plaintiffs. The product of fourteen pages for each of the fourteen Plaintiffs is approximately 196 pages of redundancy. If a Plaintiff's claim is distinguishable from another Plaintiff's claim because of a factual or legal particularity, the complaint may present the distinguishable claim in a separate count. *See e.g.*, *Edmondson*, 2016 WL 1756070 at *5 (requiring Plaintiffs to file an amended complaint where counsel repeated the same nine counts for each of the sixteen plaintiffs); *White's Place, LLC*, 2017 WL 4169690, at *4 (requiring Plaintiffs to file an amended complaint so that each claim was represented in a single count on behalf of all Plaintiffs). No later than **fourteen (14) days** after the filing of this Order, Plaintiffs must amend the complaint to present in a single count the same claim for each Plaintiff. To the extent Plaintiffs wish to include additional claims not addressed herein, Plaintiffs must first seek leave of the Court.

## IV.    CONCLUSION

For the Foregoing reasons, it is ORDERED AND ADJUDGED that Defendants' Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART** as follows:

i.    Defendants' Motion to Dismiss Count V claim is **GRANTED**;

ii.    Defendants' Motion to Dismiss Counts I, II, III, IV, VI, VII, and VIII is **DENIED**; and

iii.   Plaintiffs are hereby instructed to amend their Complaint as set forth above.

DONE AND ORDERED in Chambers at Miami, Florida, this <u>26th</u> day of March, 2018.


K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

cc:    All counsel of record

20