IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

BROOKE TAYLOR a/k/a BROOKE JOHNSON,
JESSE GOLDEN a/k/a JESSICA GOLDEN,
JESSA HINTON a/k/a JESSICA HINTON,
KIMBERLY COZZENS, LAURIE ANN                    CASE NO. 17-cv-62262-KMM
YOUNG, MASHA LUND, URSULA MAYES,
SANDRA VALENCIA, SARA UNDERWOOD,
TIFFANY TOTH a/k/a TIFFANY TOTH GRAY,
ARIANNY CELESTE LOPEZ, CIELO JEAN
GIBSON, DESSIE MITCHESON, and IRINA
VORONINA

       Plaintiffs',

vs.

TRAPEZE MANAGEMENT, LLC d/b/a
TRAPEZE FORT LAUDERDALE d/b/a
TRAPEZE and TRAPEZE OF GEORGIA, INC.
d/b/a TRAPEZE ATLANTA d/b/a TRAPEZE,

       Defendants.

_____/

## ANSWER AND DEFENSES TO SECOND AMENDED COMPLAINT

      COME NOW, the Defendants, by and through their undersigned attorneys, and hereby answer the correspondingly numbered paragraphs of Plaintiffs' Second Amended Complaint as follows:

      1.    Denied.

      2.    Denied.

      3.    Without knowledge as to what "images" are being referred to in this paragraph.

4. Without knowledge as to what "proper channels" may be. Otherwise denied.

5. Without knowledge.

6. Without knowledge.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Without knowledge as to the Plaintiffs' intentions. Denied that Plaintiffs can make a recovery against Defendants, or either of them.

15. Without knowledge.

16. Without knowledge.

17. Without knowledge.

18. Without knowledge.

19. Without knowledge.

20. Without knowledge.

21. Without knowledge.

22. Without knowledge.

23. Without knowledge.

24. Without knowledge.

25.     Without knowledge.

26.     Without knowledge.

27.     Without knowledge.

28.     Without knowledge.

29.     Without knowledge.

30.     Admitted.

31.     Defendant Trapeze Management, LLC was fundamentally a social organization rather than a commercial enterprise so that the characterization that Defendant "did business" is not entirely accurate. Defendant Trapeze Management, LLC did not commonly operate under the name "Trapeze Fort Lauderdale". Otherwise admitted.

32.     Admitted.

33.     Admitted that Defendant Trapeze Management, LLC makes use of the trapezeclub.com website. Otherwise denied.

34.     Admitted that Defendant Trapeze Management, LLC had members from around the world and held "swinger events" on a regular basis. Otherwise denied.

35.     Admitted that Defendant Trapeze Management, LLC makes use of the trapezeclub.com website as well as social media platforms. Otherwise denied.

36.     Admitted that content of the sort stated in the Complaint appears or has appeared on the trapeze.com website and that the statements accurately describe the organization.

37.     Defendant Trapeze of Georgia, Inc. was fundamentally a social organization rather than a commercial enterprise so that the characterization that Defendant

"did business" is not entirely accurate. Trapeze of Georgia, Inc. did not commonly operate under the name "Trapeze Atlanta". Otherwise admitted.

38.     Admitted.

39.     Admitted that Trapeze of Georgia, Inc. makes use of the trapezeclub.com website. Otherwise denied.

40.     Admitted that Trapeze of Georgia, Inc. had members from around the world and held "swinger events" on a regular basis. Otherwise denied.

41.     Admitted that Trapeze of Georgia, Inc. makes use of the trapezeclub.com website as well as social media platforms. Otherwise denied.

42.     Admitted that content of the sort stated in the Complaint appears or has appeared on the trapeze.com website and that the statements accurately describe the organization.

43.     Admitted that Defendants operated a swingers club. Denied that Defendants or their members / patrons engaged in "lewd and lascivious activities. As previously explained, Defendants are fundamentally a social organization as opposed to commercial endeavors. Otherwise denied.

44.     Admitted that Defendants make use of the trapezeclub.com website and that they have registered to access the social media platforms as alleged in the Complaint. Otherwise denied.

45.     Denied.

46.     Admitted that this Court has subject matter jurisdiction over this dispute; denied in all other respects.

47.     Admitted that this Court has personal jurisdiction over the Defendants; denied in all other respects.

48.     Admitted that venue is proper in this District; denied in all other respects.

49.     Without knowledge.

50.     Without knowledge.

51.     Without knowledge.

52.     Without knowledge.

53.     Without knowledge.

54.     Denied.

55.     Without knowledge.

56.     Without knowledge.

     a.     Without knowledge.

     b.     Without knowledge.

     c.     Without knowledge.

     d.     Without knowledge.

57.     Without knowledge.

58.     Denied that that advertising for a swinger's club would "jeopardize" the career of any of the Plaintiffs. Otherwise, without knowledge.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Without knowledge.

64.     Without knowledge.

65.     Admitted that the image shown in Exhibit "A" appeared on Defendants' website and that the quoted text also appeared on the website. Otherwise denied.

66.     Admitted that the image shown in Exhibit "A" appeared on Defendants' website and that the website was intended to promote Defendants' social organization. Otherwise denied.

67.     Admitted.

68.     Admitted.

69.     Admitted.

70.     Admitted that Plaintiff did not negotiate directly with Defendants for the use of the photograph. Otherwise without knowledge.

71.     Admitted that Plaintiff did not negotiate directly with Defendants for the use of the photograph. Otherwise without denied.

72.     Denied.

73.     Denied.

74.     Without knowledge.

75.     Without knowledge.

76.     Admitted that the image shown in Exhibit "B" appeared on Defendants' website and that the quoted text also appeared on the website. Otherwise denied.

77.     Admitted that the image shown in Exhibit "B" appeared on Defendants' website and that the website was intended to promote Defendants' social organization. Otherwise denied.

78.     Admitted.

79.     Admitted.

80.     Admitted that Plaintiff did not negotiate directly with Defendants for the use of the photograph. Otherwise without knowledge.

81.     Admitted that Plaintiff did not negotiate directly with Defendants for the use of the photograph. Otherwise denied.

82.     Denied.

83.     Denied.

84.     Without knowledge.

85.     Without knowledge.

86.     Admitted that the image shown in Exhibit "C" appeared on Defendants' website and that the quoted text also appeared on the website. Otherwise denied.

87.     Admitted that the image shown in Exhibit "C" appeared on Defendants' website and that the website was intended to promote Defendants' social organization. Otherwise denied.

88.     Admitted.

89.     Admitted.

90.     Admitted.

91.     Admitted that Plaintiff did not negotiate directly with Defendants for the use of the photograph. Otherwise without knowledge.

92.    Admitted that Plaintiff did not negotiate directly with Defendants for the use of the photograph. Otherwise denied.

93.    Denied.

94.    Denied.

95.    Without knowledge.

96.    Without knowledge.

97.    Admitted that the image shown in Exhibit "D" appeared on Defendants' website and that the quoted text also appeared on the website. Otherwise denied.

98.    Admitted that the image shown in Exhibit "D" appeared on Defendants' website and that the website was intended to promote Defendants' social organization. Otherwise denied.

99.    Admitted.

100.    Admitted.

101.    Admitted.

102.    Admitted that Plaintiff did not negotiate directly with Defendants for the use of the photograph. Otherwise without knowledge.

103.    Admitted that Plaintiff did not negotiate directly with Defendants for the use of the photograph. Otherwise denied.

104.    Denied.

105.    Denied.

106.    Without knowledge.

107.    Without knowledge.

108.    Admitted that the image shown in Exhibit "E" appeared on Defendants' website and that the quoted text also appeared on the website. Otherwise denied.

109.    Admitted that the image shown in Exhibit "E" appeared on Defendants' website and that the website was intended to promote Defendants' social organization. Otherwise denied.

110.    Admitted.

111.    Admitted.

112.    Admitted.

113.    Admitted that Plaintiff did not negotiate directly with Defendants for the use of the photograph. Otherwise without knowledge.

114.    Admitted that Plaintiff did not negotiate directly with Defendants for the use of the photograph. Otherwise denied.

115.    Denied.

116.    Denied.

117.    Without knowledge.

118.    Without knowledge.

119.    Admitted that the image shown in Exhibit "F" appeared on Defendants' website and that the quoted text also appeared on the website. Otherwise denied.

120.    Admitted that the image shown in Exhibit "F" appeared on Defendants' website and that the website was intended to promote Defendants' social organization. Otherwise denied.

121.    Admitted.

122.    Admitted.

123.    Admitted.

124.    Admitted that Plaintiff did not negotiate directly with Defendants for the use of the photograph. Otherwise without knowledge.

125.    Admitted that Plaintiff did not negotiate directly with Defendants for the use of the photograph. Otherwise denied.

126.    Denied.

127.    Denied.

128.    Without knowledge.

129.    Without knowledge.

130.    Admitted that the image shown in Exhibit "G" appeared on Defendants' website and that the quoted text also appeared on the website. Otherwise denied.

131.    Admitted that the image shown in Exhibit "G" appeared on Defendants' website and that the website was intended to promote Defendants' social organization. Otherwise denied.

132.    Admitted.

133.    Admitted.

134.    Admitted.

135.    Admitted that Plaintiff did not negotiate directly with Defendants for the use of the photograph. Otherwise without knowledge.

136.    Admitted that Plaintiff did not negotiate directly with Defendants for the use of the photograph. Otherwise denied.

137.    Denied.

138.    Denied.

139.    Without knowledge.

140.    Without knowledge.

141.    Admitted that the image shown in Exhibit "H" appeared on Defendants' website and that the quoted text also appeared on the website. Without knowledge regarding ""SDC.com". Otherwise denied.

142.    Admitted that the image shown in Exhibit "H" appeared on Defendants' website and that the website was intended to promote Defendants' social organization. Otherwise denied.

143.    Admitted.

144.    Admitted.

145.    Admitted.

146.    Admitted that Plaintiff did not negotiate directly with Defendants for the use of the photograph. Otherwise without knowledge.

147.    Admitted that Plaintiff did not negotiate directly with Defendants for the use of the photograph. Otherwise denied.

148.    Denied.

149.    Denied.

150.    Without knowledge.

151.    Without knowledge.

152.    Admitted that the image shown in Exhibit "I" appeared on Defendants' website and that the quoted text also appeared on the website. Otherwise denied.

153.    Admitted that the image shown in Exhibit "C" appeared on Defendants' website and that the website was intended to promote Defendants' social organization. Otherwise denied.

154.    Admitted.

155.    Admitted.

156.    Admitted.

157.    Admitted that Plaintiff did not negotiate directly with Defendants for the use of the photograph. Otherwise without knowledge.

158.    Admitted that Plaintiff did not negotiate directly with Defendants for the use of the photograph. Otherwise denied.

159.    Denied.

160.    Denied.

161.    Without knowledge.

162.    Without knowledge.

163.    Admitted that the image shown in Exhibit "J" appeared on Defendants' website and that the quoted text also appeared on the website. Otherwise denied.

164.    Admitted that the image shown in Exhibit "F" appeared on Defendants' website and that the website was intended to promote Defendants' social organization. Without knowledge regarding "SDC.com". Otherwise denied.

165.    Admitted.

166.    Admitted.

167.    Admitted.

168.  Admitted that Plaintiff did not negotiate directly with Defendants for the use of the photograph. Otherwise without knowledge.

169.  Admitted that Plaintiff did not negotiate directly with Defendants for the use of the photograph. Otherwise denied.

170.  Denied.

171.  Denied.

172.  Without knowledge.

173.  Without knowledge.

174.  Admitted that the image shown in Exhibit "K" appeared on Defendants' website and that the quoted text also appeared on the website. Otherwise denied.

175.  Admitted that the image shown in Exhibit "K" appeared on Defendants' website and that the website was intended to promote Defendants' social organization. Otherwise denied.

176.  Admitted.

177.  Admitted.

178.  Admitted.

179.  Admitted that Plaintiff did not negotiate directly with Defendants for the use of the photograph. Otherwise without knowledge.

180.  Admitted that Plaintiff did not negotiate directly with Defendants for the use of the photograph. Otherwise denied.

181.  Denied.

182.  Denied.

183.  Without knowledge.

184.    Without knowledge.

185.    Admitted that the image shown in Exhibit "L" appeared on Defendants' website and that the quoted text also appeared on the website. Otherwise denied.

186.    Admitted that the image shown in Exhibit "L" appeared on Defendants' website and that the website was intended to promote Defendants' social organization. Otherwise denied.

187.    Admitted.

188.    Admitted.

189.    Admitted.

190.    Admitted that Plaintiff did not negotiate directly with Defendants for the use of the photograph. Otherwise without knowledge.

191.    Admitted that Plaintiff did not negotiate directly with Defendants for the use of the photograph. Otherwise denied.

192.    Denied.

193.    Denied.

194.    Without knowledge.

195.    Without knowledge.

196.    Admitted that the image shown in Exhibit "M" appeared on Defendants' website and that the quoted text also appeared on the website. Otherwise denied.

197.    Admitted that the image shown in Exhibit "M" appeared on Defendants' website and that the website was intended to promote Defendants' social organization. Otherwise denied.

198.    Admitted.

199.   Admitted.

200.   Admitted.

201.   Admitted that Plaintiff did not negotiate directly with Defendants for the use of the photograph. Otherwise without knowledge.

202.   Admitted that Plaintiff did not negotiate directly with Defendants for the use of the photograph. Otherwise denied.

203.   Denied.

204.   Denied.

205.   Without knowledge.

206.   Without knowledge.

207.   Admitted that the image shown in Exhibit "N" appeared on Defendants' website and that the quoted text also appeared on the website. Otherwise denied.

208.   Admitted that the image shown in Exhibit "N" appeared on Defendants' website and that the website was intended to promote Defendants' social organization. Otherwise denied.

209.   Admitted.

210.   Admitted.

211.   Admitted.

212.   Admitted that Plaintiff did not negotiate directly with Defendants for the use of the photograph. Otherwise without knowledge.

213.   Admitted that Plaintiff did not negotiate directly with Defendants for the use of the photograph. Otherwise denied.

214.   Denied.

215. Denied.

216. Without knowledge.

217. Without knowledge.

218. Admitted that the image shown in Exhibit "O" appeared on Defendants' website and that the quoted text also appeared on the website. Otherwise denied.

219. Admitted that the image shown in Exhibit "O" appeared on Defendants' website and that the website was intended to promote Defendants' social organization. Otherwise denied.

220. Admitted.

221. Admitted.

222. Admitted.

223. Admitted that Plaintiff did not negotiate directly with Defendants for the use of the photograph. Otherwise without knowledge.

224. Admitted that Plaintiff did not negotiate directly with Defendants for the use of the photograph. Otherwise denied.

225. Denied.

226. Denied.

227. Denied that the August 9, 2017 was sent on behalf of Plaintiff LUCY PINDER, gave any notice with the respect to that Plaintiff or made any demands with respect to Ms. Pinder. Otherwise admitted that the subject letter was received by Defendants.

228. Denied as to Plaintiff LUCY PINDER. Admitted that the subject letter was received by Defendants. Otherwise denied.

229.    Denied as to Plaintiff LUCY PINDER. Otherwise admitted that the letter provided notice of the other Plaintiffs' claims.

230.    Denied as to Plaintiff LUCY PINDER. Otherwise admitted that the letter provided notice of the other Plaintiffs' claims.

231.    Denied as to Plaintiff LUCY PINDER. Otherwise admitted that the letter made the alleged demand on behalf of the other Plaintiffs.

232.    Denied as to Plaintiff LUCY PINDER. Otherwise admitted that the letter provided notice of the other Plaintiffs' claims.

233.    Denied as to Plaintiff LUCY PINDER. Otherwise admitted that the letter provided notice of the other Plaintiffs' claims.

234.    Admitted that Defendants did not pay Plaintiffs anything in response to their demand. Otherwise denied.

235.    Without knowledge.

236.    Admitted that a demand has been made on behalf of Plaintiff LUCY PINDER. Otherwise denied.

237.    Admitted that an excerpt from the Lanham Act is quoted. Denied that Plaintiffs are entitled to any relief under the Lanham Act. Otherwise denied.

238.    Denied.

239.    Denied.

240.    Denied.

241.    Denied.

242.    Denied.

243.    Admitted that Defendants make use of the Internet to promote their social organization. Otherwise denied.

244.    Admitted that Defendants make use of the Internet to promote their social organization. Otherwise denied.

245.    Denied.

246.    Denied.

247.    Denied.

248.    Denied.

249.    Denied.

250.    Denied.

251.    Denied.

252.    Denied.

253.    Denied.

254.    Denied.

255.    Denied.

256.    Without knowledge concerning Plaintiffs' business endeavors. Otherwise without knowledge.

257.    Denied.

258.    Denied.

259.    Denied.

260.    Admitted that Plaintiffs' images appeared on Defendants' website for a brief period of time. Otherwise denied.

261.    Denied.

262.    Denied.

263.    Denied.

264.    Denied.

265.    Denied.

266.    Admitted as a general statement. Denied in this context.

267.    Admitted that a portion of §540.08, Fla.Stat. is quoted. Otherwise denied.

268.    Admitted that Plaintiffs' images appeared on Defendants' website for a brief period of time. Otherwise denied.

269.    Admitted.

270.    Admitted that Defendants did not negotiate directly with any of the Plaintiffs. Otherwise without knowledge.

271.    Admitted that Plaintiffs' images appeared on Defendants' website for a brief period of time. Otherwise denied.

272.    Denied.

273.    Denied.

274.    Denied.

275.    Denied.

276.    Denied.

277.    Admitted as a general statement. Denied in this context.

278.    Admitted as a general statement. Denied in this context.

279.    Admitted that Plaintiffs' images appeared on Defendants' website for a brief period of time. Otherwise denied.

280.     Admitted that Defendants did not negotiate directly with any of the Plaintiffs. Otherwise without knowledge.

281.     Admitted that Defendants did not negotiate directly with any of the Plaintiffs. Otherwise without knowledge.

282.     Denied.

283.     Denied.

284.     Denied.

285.     Denied.

286.     Denied.

287.     Denied.

288.     Admitted as a general statement. Denied in this context.

289.     Admitted that Plaintiffs' images appeared on Defendants' website for a brief period of time. Otherwise denied.

290.     Denied.

291.     Denied.

292.     Denied.

293.     Denied.

294.     Denied.

295.     Denied.

296.     Denied.

297.     Denied.

298.     Denied.

299.     Denied.

300.   Denied.

301.   Denied.

302.   Denied.

303.   Denied.

304.   Denied.

305.   Denied.

306.   Denied.

307.   Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Preemption)

All of the claims asserted in this action are preempted by the Copyright Act, 17 U.S.C. §301(a).

### SECOND AFFIRMATIVE DEFENSE

(Lack of Standing)

Plaintiffs have no copyright, ownership interest, license or other right in the particular images at issue in this litigation. Accordingly, Plaintiffs lack standing to maintain this suit.

### THIRD AFFIRMATIVE DEFENSE

(Failure to Join an Indispensable Party)

This action cannot proceed to a full and complete conclusion without the joinder of

the photographer, or the other individual or entity who holds the copyright, to the particular image at issue in this litigation; that person or entity is an indispensable party to this action.

## FOURTH AFFIRMATIVE DEFENSE

(First Amendment – Transformative Use)

The image allegedly published by the Defendants was the result of an artistic creation by the photographer and costume designer as well by as the graphic designer of the advertisement, which creation substantially transformed the original image. That artistic creation did not rely on the Plaintiffs' fame, but created a new persona distinct and essentially unrecognizable as compared to the original. In addition, the transformation is such that the new image would not confuse the on-line and print customers purportedly cultivated by the Plaintiffs. The image was so transformed that it cannot be said that Plaintiffs' "persona" or "likeness" was involved in any respect.

## FIFTH AFFIRMATIVE DEFENSE

(No Exploitation of Likeness)

Plaintiffs' claims fail as a matter of law because Defendants did not identify the Plaintiffs, did not use their names, and did not exploit Plaintiffs' identity or persona. Further, any use of Plaintiffs' photograph did not involve their character, personality, or reputation, or other factors shaping identity; each image of the Plaintiffs was simply a pretty face without unique identifiers.

## SIXTH AFFIRMATIVE DEFENSE

(No Likelihood of Confusion)

Defendants did not identify the Plaintiffs, did not use their name, and did not exploit Plaintiffs' identity or persona. Further, any use of Plaintiffs' photograph did not involve

their character, personality, or reputation, or other factors shaping identity; each image of the Plaintiffs was simply a pretty face without unique identifiers. No reasonable person could believe that Plaintiffs were entertainers or members at Defendants' social club, that any of the Plaintiffs endorsed Defendants' club, or that they were otherwise affiliated with the Defendants' organization.

## SEVENTH AFFIRMATIVE DEFENSE
### (Release)

Plaintiffs executed one or more model releases whereby each granted the photographer permission to photograph her and through which each relinquished all of her rights to the photographer. Those rights include, but are not limited to, the subject photograph and associated rights to the Plaintiffs' likeness. Plaintiffs released, conveyed and transferred to the photographer all future claims, causes of action, damages, and rights related to or arising from such image.

## EIGHTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiffs' claims are barred by the doctrine of waiver. The Plaintiffs executed one or more model releases whereby each gave the photographer permission to photograph her and through which she relinquished her rights, including, but not limited to, the subject photograph and associated rights to the Plaintiffs' likeness. Plaintiffs thereby waived and released all future claims, causes of action and damages, or such rights were relinquished to the photographer.

## NINTH AFFIRMATIVE DEFENSE

(Consent to Use)

Plaintiffs' claims fail as a matter of law because the Plaintiffs consented to public use and dissemination of the subject photographs of Plaintiffs by virtue of their execution of a model release whereby each gave the photographer permission to photograph her and through which she relinquished her rights including, but not limited to, the photo and the associated rights to the Plaintiffs' likenesses.

## TENTH AFFIRMATIVE DEFENSE

(Payment – Work for Hire)

Plaintiffs' claims are barred due to payment. Each Plaintiff was paid for the modeling session that resulted in the photograph at issue. Each Plaintiff negotiated and gave a release for fair consideration, which release included all rights to the subject photograph and the associated rights to the Plaintiffs' likeness.

## ELEVENTH AFFIRMATIVE DEFENSE

(Laches)

Plaintiffs are not entitled to injunctive relief of any kind due to their failure to enforce any of the claimed intellectual property rights over a period of several years and for their tacit acquiescence to open and obvious use of the subject images. The images complained of are ubiquitous on the Internet.

## TWELFTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Plaintiffs failed to take appropriate steps to mitigate any of the damages they allegedly sustained. Plaintiffs has long known of the fact that these particular image have

been utilized by numerous vendors across the Internet and by a scores of adult entertainment businesses across the country. Rather than take appropriate action to police their intellectual property rights by giving public notice of their claims through mechanisms such as the Digital Millennium Copyright Act (which has a "take down" form which require the removal of content from a website at the request of the owner or the owner of the copyright), Plaintiffs have embarked on a surreptitious campaign of "gotcha" litigation. Plaintiffs surprises unsuspecting businesses with litigation and settle the suits under conditions of confidentiality so that others who make use of their photographs do not receive advance warning of their claims. As such, any damages actually sustained by the Plaintiffs should be reduced proportionally for failure to mitigate their losses.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Apportionment of Liability - Photographer)

Plaintiffs' alleged injuries were caused, in whole or in part by, the negligence of a third party (i.e., the photographer who took the subject photograph) and liability should be apportioned to that photographer according to fault, irrespective of whether such third party become a party to this action.. *See*, <u>Fabre v. Marin</u>, 623 So. 2d 1182 (Fla. 1993)

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Economic Damages)

Plaintiffs have suffered no commercial harm or damages. To the extent Plaintiffs are entitled to any relief, that relief should be limited to an injunction against the future use of her image by the Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

(No Competitive Undertaking)

Defendants operate a social organization promoting the swinger's lifestyle. They do not compete with the Plaintiffs in any respect, do not advertise in the same market, do not share common subscribers, members or customers and could not be mistaken as competitors by any consumer.

I HEREBY CERTIFY that a true and correct copy of the foregoing Answer and Defenses has been furnished to LUDMILA KHOMIAK, Esquire [mila@casaslawfirm.com], Brickell Bayview Center, 80 S.W. 8th Street, Suite 2000, Miami, Florida 33130, by E-Mail this 9th day of May, 2018.

*Respectfully submitted,*

BENJAMIN, AARONSON, EDINGER
& PATANZO, P.A.

    /s/  Gary S. Edinger

|  |  |
|---|---|
| DANIEL R. AARONSON, Esquire | GARY S. EDINGER, Esquire |
| Florida Bar No.: 314579 | Florida Bar No. 0606812 |
| 1 Financial Plaza #1615 | 305 N.E. 1st Street |
| Ft. Lauderdale, Florida 33394 | Gainesville, Florida 32601 |
| (954) 779-1700  (Fax) (954) 779-1771 | (352) 338-4440  (Fax) (352) 337-0696 |
| danaaron@bellsouth.net | GSEdinger12@gmail.com |

*Attorneys for Defendants*